CLOSED

# U.S. District Court [LIVE]
## Western District of Texas (San Antonio)
## CRIMINAL DOCKET FOR CASE #: <u>5:25−mj−00655−ESC</u>−1

Case title: USA v. Bass

Date Filed: 04/25/2025

Date Terminated: 04/30/2025

Assigned to: Judge Elizabeth S. Chestney

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Matei Leann Bass**<br>*TERMINATED: 04/30/2025* | represented by | **Duty Pub. Defender−San Antonio**<br>Federal Public Defender<br>San Antonio Division<br>300 Convent St.<br>Suite 2300<br>San Antonio, TX 78205<br>(210) 472−6700<br>Fax: 210/472−4454<br>Email: <u>janie_craig@fd.org</u><br>*TERMINATED: 04/29/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment* |
| | | **David Joseph Kimmelman − FPD**<br>Federal Public Defender−TXW<br>300 Convent Street<br>San Antonio, TX 78205−1316<br>210−472−6700<br>Fax: 210−472−4454<br>Email: <u>david_kimmelman@fd.org</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**<u>Pending Counts</u>**

None

**<u>Highest Offense Level (Opening)</u>**

None

**<u>Terminated Counts</u>**

None

**<u>Disposition</u>**

**<u>Disposition</u>**

1

**Highest Offense Level**
**(Terminated)**

None

**Complaints**                                          **Disposition**

18:1349.F–Conspiracty to Commit
Bank Fraud

---

**Plaintiff**

**USA**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/25/2025 | 1 | Arrest (Rule 5/Rule 32.1) of Matei Leann Bass (Felony Indictment) (bt) (Main Document 1 replaced on 4/28/2025) (bt). (Entered: 04/28/2025) |
| 04/25/2025 | 2 | Minute Entry for proceedings held before Judge Elizabeth S. Chestney:Initial Appearance in Rule 5(c)(3)/ Rule 32.1 Proceedings as to Matei Leann Bass held on 4/25/2025. Defendant requests appointment of counsel. (Minute entry documents are not available electronically.) (bt) (Entered: 04/28/2025) |
| 04/25/2025 | 3 | CJA 23 Financial Affidavit by Matei Leann Bass (SEALED pursuant to E–Government Act of 2002). (bt) (Entered: 04/28/2025) |
| 04/25/2025 | 4 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER Duty Pub. Defender–San Antonio for Matei Leann Bass. Signed by Judge Elizabeth S. Chestney. (bt) (Entered: 04/28/2025) |
| 04/25/2025 | 5 | ORDER SETTING IDENTITY HEARING as to Matei Leann Bass, (Identity Hearing set for 5/7/2025 9:30 AM before U.S. Magistrate Judge,). Signed by Judge Elizabeth S. Chestney. (bt) (Entered: 04/28/2025) |
| 04/25/2025 | 7 | ORDER Setting Conditions of Release as to Matei Leann Bass (1) $20,000.00 Unsecured Bond.. Signed by Judge Elizabeth S. Chestney. (rqr) (Entered: 05/01/2025) |
| 04/25/2025 | 8 | Unsecured Bond Filed as to Matei Leann Bass in amount of $ 20,000.00. (rqr) (Entered: 05/01/2025) |
| 04/29/2025 | 6 | Waiver of Identity Hearing by Matei Leann Bass (Kimmelman – FPD, David) (Entered: 04/29/2025) |
| 04/30/2025 | 9 | COMMITMENT TO ANOTHER DISTRICT/DIVISION as to Matei Leann Bass. Defendant committed to Western District of Oklahoma.. Signed by Judge Elizabeth S. Chestney. (rqr) (Entered: 05/01/2025) |

**FILED**

April 25, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **BT**

DEPUTY

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**



FILED

APR 16 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST OK A
BY _____ *not* DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. **CR 25-148 G** |
| -vs- | ) | |
| | ) | Violations: 18 U.S.C. § 1349 |
| **DERRY LEE DAVIS,** | ) | 18 U.S.C. § 1344 |
| a/k/a D3 Taliban, | ) | 18 U.S.C. § 513(a) |
| **ANTAJAUN MONZELLE BROWN JR.,** | ) | 18 U.S.C. § 1704 |
| a/k/a Antajuan Brown, | ) | 18 U.S.C. § 1708 |
| **AMAURION RAMONE NORMENT,** | ) | |
| **DAZJUAN JERAE DEMOND** | ) | |
| **MATTHEWS,** | ) | |
| **AMARION ADRIONE WHITESIDE,** | ) | |
| **OLIVERNAESHA OLIEAH WOODS,** | ) | |
| **LORENZO JONES IV, and** | ) | |
| **MATEI LEANN BASS,** | ) | |
| | ) | |
| Defendants. | ) | |

## I N D I C T M E N T

The Federal Grand Jury charges:

At all times relevant to this Indictment:

1.      The United States Postal Service ("USPS") provided "Arrow Keys" to USPS personnel that allowed the USPS personnel to open and access U.S. Mail drop boxes (commonly called "Blue Boxes").  USPS Arrow Keys each bore a unique serial number, and they were universal-type master keys that could be used to open any Blue Box within a defined geographic region.

2.      **DERRY LEE DAVIS** was a resident of the Western District of Oklahoma.

3

3. **ANTAJAUN MONZELLE BROWN JR.,** was a resident of the Western District of Oklahoma.

4. **AMAURION RAMONE NORMENT** was a resident of the Western District of Oklahoma.

5. JPMorgan Chase Bank, N.A. ("Chase Bank") was a financial institution with offices and branches located in the Western District of Oklahoma, the accounts and deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

6. Bank of America, National Association ("Bank of America") was a financial institution with offices and branches located in the Western District of Oklahoma, the accounts and deposits of which were insured by the FDIC.

7. MidFirst Bank was a financial institution with offices and branches located in the Western District of Oklahoma, the accounts and deposits of which were insured by the FDIC.

8. BOKF, National Association ("Bank of Oklahoma") was a financial institution with offices and branches located in the Western District of Oklahoma, the accounts and deposits of which were insured by the FDIC.

9. Tinker Federal Credit Union ("TFCU") was a financial institution with offices and branches located in the Western District of Oklahoma, the accounts and deposits of which were insured by the National Credit Union Administration ("NCUA").

10.     Focus Federal Credit Union was a financial institution with offices and branches located in the Western District of Oklahoma, the accounts and deposits of which were insured by the NCUA.

## COUNT 1
**(Conspiracy to Commit Bank Fraud)**

11.     The Federal Grand Jury incorporates paragraphs 1–10 by reference.

12.     From at least in or about July 2022, continuing through at least in or about December 2024, in the Western District of Oklahoma,

-------------------------------- **DERRY LEE DAVIS,**
                                 **a/k/a D3 Taliban,**
                                 **ANTAJAUN MONZELLE BROWN JR.,**
                                 **a/k/a Antajuan Brown,**
                                 **AMAURION RAMONE NORMENT,**
                                 **DAZJUAN JERAE DEMOND MATTHEWS,**
                                 **AMARION ADRIONE WHITESIDE,**
                                 **OLIVERNAESHA OLIEAH WOODS,**
                                 **LORENZO JONES IV, and**
                                 **MATEI LEANN BASS** -------------------------------------------

knowingly and intentionally, and with interdependence, combined, conspired, and agreed with each other and others, both known and unknown to the Federal Grand Jury, to commit the offense of bank fraud, in violation of Title 18, United States Code, Section 1344.

### The Object of the Conspiracy

13.     The object of the conspiracy was to enrich the conspirators by stealing checks from the U.S. Mail, forging the checks to change the payee name and other information, and then depositing forged checks into bank accounts controlled by conspirators for the purpose of obtaining cash from federally insured financial institutions.

3

## **Manner and Means of the Conspiracy**

14.     The object of the conspiracy was accomplished as follows:

A.     **DAVIS** stole a USPS Arrow Key that permitted access to Blue Boxes in the Oklahoma City, Oklahoma geographic area.

B.     **DAVIS** and other conspirators used the stolen USPS Arrow Key to access Blue Boxes in and around Oklahoma City, Oklahoma, and stole large quantities of U.S. Mail that had been deposited into the Blue Boxes by members of the public.

C.     **DAVIS** opened the stolen mail and found checks that had been placed in the mail by unknowing victims.

D.     **DAVIS, BROWN,** and **NORMENT** devised a fraud scheme whereby they fraudulently altered information on the face of the stolen checks, such as payee name and the dollar amount of the check, so that the altered checks could be deposited into the bank accounts of other conspirators who agreed to participate in the scheme in exchange for receiving a portion of proceeds from the forged checks deposited into their bank accounts.

E.     In order to find people willing to join the scheme, among other methods, **DAVIS, BROWN**, and other conspirators advertised on social media platforms that they had an easy way to make money and to contact them if interested.

F.     **MATTHEWS, WHITESIDE, WOODS, JONES, BASS**, and others, both known and unknown to the Federal Grand Jury, agreed to join the conspiracy by agreeing to work with **DAVIS, BROWN,** and **NORMENT** to deposit forged checks

4

6

into their bank accounts for the purpose of obtaining cash from the banks to which they were not entitled.

G.   **DAVIS, BROWN,** and **NORMENT** often requested that these other conspirators give them their bank account debit card, account PIN, and online banking log in information so that they could access the conspirators' account, deposit checks, and transfer funds after deposit.

H.   After the forged checks were deposited into conspirator bank accounts, if the checks cleared, **DAVIS, BROWN,** and **NORMENT** requested that the conspirators who owned the bank accounts provide proceeds from the forged checks in cash or via electronic transfer. In some cases, **DAVIS, BROWN,** and **NORMENT** took proceeds from the forged checks themselves via cash withdrawal or via electronic transfer.

### Acts in Furtherance of the Conspiracy

15.   To effect the object of the conspiracy, **DAVIS, BROWN, NORMENT, MATTHEWS, WHITESIDE, WOODS, JONES,** and **BASS** committed the following acts, among others:

A.   In 2022, **DAVIS** stole a USPS Arrow Key.

B.   From at least in or about July 2022, continuing through at least in or about December 2024, **DAVIS,** alone and with other conspirators, used the stolen USPS Arrow Key to repeatedly steal U.S. Mail deposited into Blue Boxes located in and around Oklahoma City, Oklahoma, including the Blue Boxes located at the Sante Fe Post Office

5

at 201 S.W. 134th Street, Oklahoma City, Oklahoma, and the Village Post Office at 2304 W. Hefner Road, Oklahoma City, Oklahoma.

      C.    In or about September 2022, **DAVIS** recruited **WHITESIDE** to join the conspiracy. **DAVIS** provided **WHITESIDE** four checks that had been stolen from the U.S. Mail and forged to replace the original intended payee name with **WHITESIDE**'s name. In or about September 2022, **WHITESIDE,** while in the Western District of Oklahoma, deposited the four checks into his bank account at Chase Bank, which together totaled $12,592.56. **WHITESIDE** transferred money obtained from depositing the forged checks from his bank account to **DAVIS** via electronic transfer.

      D.    In or about October 2022, **DAVIS** recruited Conspirator 1, who is known to the Federal Grand Jury, to join the conspiracy. **DAVIS** provided Conspirator 1 seven checks that had been stolen from the U.S. Mail and forged to replace the original intended payee name with Conspirator 1's name. Between on or about October 18, 2022, and on or about November 7, 2022, Conspirator 1 deposited five of the forged checks into his bank account at Bank of Oklahoma, which together totaled $34,946.16. Between on or about December 28, 2022, and on or about January 5, 2023, Conspirator 1 deposited the remaining two forged checks into his bank account at MidFirst Bank, which together totaled $8,012.57. Conspirator 1 made numerous cash withdrawals from his bank accounts at Automated Teller Machines ("ATMs") in Oklahoma City, Oklahoma, and shared the cash proceeds with **DAVIS**.

H.   In or about April 2023, **BROWN** and **NORMENT** recruited **WOODS** to join the conspiracy. Four checks that had been stolen from the U.S. Mail and that had been forged to replace the original intended payee name with **WOODS**'s name were deposited into **WOODS**'s bank account at TFCU in or about April 2023, which together totaled $12,000. Money obtained from depositing the forged checks was transferred from **WOODS**'s bank account to **NORMENT** and Conspirator 2, who is known to the Federal Grand Jury, via multiple electronic transfers. Conspirator 2 then transferred some of these funds to **BROWN**.

I.   In or about June 2023, **DAVIS** and **BROWN** recruited Conspirator 3, who is known to the Federal Grand Jury, to join the conspiracy. **DAVIS** met with Conspirator 3 in or about June 2023 in Norman, Oklahoma, and Conspirator 3 provided her bank account information to **DAVIS**. **DAVIS** then mobile deposited a check stolen from the U.S. Mail that had been forged to replace the original intended payee name with Conspirator 3's name in the amount of $5,000 into Conspirator 3's bank account at Chase Bank. The check was not cleared by Chase Bank.

J.   In or about June 2023, **NORMENT** recruited Conspirator 4, who is known to the Federal Grand Jury, to join the conspiracy. Conspirator 4 provided **NORMENT** with his TFCU bank account number and log in information. Two checks that had been stolen from the U.S. Mail and that had been forged to replace the original intended payee name with Conspirator 4's name were deposited into Conspirator 4's bank

8

account at TFCU in or about June 2023, which together totaled $6,000. Conspirator 4 sent **NORMENT** proceeds from the forged check via electronic transfer.

  K.   On or about September 6, 2023, **BROWN** was arrested on an unrelated charge in Weatherford, Oklahoma. **BROWN** was in possession of a duffel bag at the time of his arrest containing hundreds of checks that had been stolen from the U.S. Mail and a debit card that did not belong to him. Some of the stolen checks in his possession had been fraudulently altered.

  L.   The Federal Grand Jury incorporates the acts alleged in Counts 2–3, 6–10, and 12–19 by reference, as acts in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
### (Bank Fraud)

16.   The Federal Grand Jury incorporates paragraphs 1–10 by reference.

### The Scheme to Defraud

17.   The scheme to defraud is alleged in paragraph 14 above, which the Federal Grand Jury incorporates by reference.

18.   It was part of the scheme to defraud that **DAVIS** committed the acts alleged in paragraph 15 above, which the Federal Grand Jury incorporates by reference.

### Executions of the Scheme

19.   On or about June 5, 2023, in the Western District of Oklahoma,

---------------------------------------- **DERRY LEE DAVIS,**
         **a/k/a D3 Taliban,** ----------------------------------------

9

with intent to defraud, knowingly executed and attempted to execute a scheme and artifice

to defraud Chase Bank, a financial institution that was insured by the FDIC, and to obtain

moneys, funds, credits, assets, securities, and other property owned by and under the

control of Chase Bank, by means of materially false pretenses, representations, and

promises. In particular, **DAVIS**, while in the Western District of Oklahoma, deposited a

forged check in the amount of $5,000 bearing check number 6842 that had been stolen

from the U.S. Mail into Conspirator 3's bank account at Chase Bank (account number

XXXXX0530).

All in violation of Title 18, United States Code, Section 1344.

## COUNT 3
### (Forged Security)

20.     The Federal Grand Jury incorporates paragraphs 1–10 by reference.

21.     On or about June 5, 2023, in the Western District of Oklahoma,


-------------------------------------- **DERRY LEE DAVIS,**
                        **a/k/a D3 Taliban** --------------------------------------------

knowingly made, uttered, and possessed a forged security of an organization that operates

in interstate commerce—specifically a check drawn on R.A.'s personal account at Focus

Federal Credit Union, a federally insured financial institution—with the intent to deceive

another organization, Chase Bank, which also operates in interstate commerce. In

particular, **DAVIS** negotiated forged check number 6842 drawn on R.A.'s personal

account at Focus Federal Credit Union (number XXXXXXXXX4665) in the amount of

$5,000 and deposited the check into Conspirator 3's personal bank account at Chase Bank

10

(account number XXXXX0530), with the intent to deceive Focus Federal Credit Union and Chase Bank.

All in violation of Title 18, United States Code, Section 513(a).

### COUNT 4
### (Possession of Arrow Key)

22.     In or about 2022, in the Western District of Oklahoma,

-------------------------------------- **DERRY LEE DAVIS,**
               **a/k/a D3 Taliban,** -------------------------------------------

did knowingly and unlawfully possess a key suited to locks adopted by USPS on authorized receptacles for the deposit and delivery of mail matter, with the intent to use the key unlawfully and improperly.

All in violation of Title 18, United States Code, Section 1704.

### COUNT 5
### (Possession of Stolen Mail)

23.     The Federal Grand Jury incorporates paragraph 15 by reference.

24.     From at least in or about July 2022, continuing through at least in or about December 2024, in the Western District of Oklahoma,

---------------------------------- **DERRY LEE DAVIS,**
               **a/k/a D3 Taliban,** -------------------------------------------------

did unlawfully have in his possession mail matter that had been stolen, taken, and abstracted from an authorized depository for mail matter, knowing the said mail matter to have been stolen, taken, and abstracted.

All in violation of Title 18, United States Code, Section 1708.

## COUNTS 6–9
### (Bank Fraud)

25.     The Federal Grand Jury incorporates paragraphs 1–10 by reference.

### The Scheme to Defraud

26.     The scheme to defraud is alleged in paragraph 14 above, which the Federal Grand Jury incorporates by reference.

27.     It was part of the scheme to defraud that **BROWN** committed the acts alleged in paragraph 15 above, which the Federal Grand Jury incorporates by reference.

### Executions of the Scheme

28.     On or about the dates listed below, in the Western District of Oklahoma,

------------------------------- **ANTAJAUN MONZELLE BROWN JR.,**
**a/k/a Antajuan Brown,** -----------------------------------------

with intent to defraud, knowingly executed and attempted to execute a scheme and artifice to defraud TFCU, a financial institution that was insured by the NCUA, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the control of TFCU, by means of materially false pretenses, representations, and promises. In particular, **BROWN**, while in the Western District of Oklahoma, deposited the following forged checks that had been stolen from the U.S. Mail into his own personal account  at TFCU (account number XXXXXX5747):

| Count | Date | Credit Union | Check No. | Check Amount |
|-------|------|--------------|-----------|--------------|
| 6 | July 20, 2022 | TFCU | 9575508 | $2,950.00 |

| Count | Date | Credit Union | Check No. | Check Amount |
|:-----:|:----:|:------------:|:---------:|:------------:|
| 7 | July 22, 2022 | TFCU | 9746895 | $2,986.00 |
| 8 | July 22, 2022 | TFCU | 9746897 | $2,995.00 |
| 9 | July 24, 2022 | TFCU | 9742993 | $2,994.00 |

All in violation of Title 18, United States Code, Section 1344.

### COUNT 10
**(Forged Securities)**

29.     The Federal Grand Jury incorporates paragraphs 1–10 by reference.

30.     On or about April 10, 2023, in the Western District of Oklahoma,

------------------------------ **ANTAJAUN MONZELLE BROWN JR.,**
**a/k/a Antajuan Brown,** ----------------------------------------

knowingly made, uttered, and possessed a forged security of an organization that operates in interstate commerce—specifically a check drawn on K.H.L.'s personal account at Bank of America, a federally insured financial institution—with the intent to deceive another organization, TFCU, which also operates in interstate commerce.  In particular, **BROWN** negotiated forged check number 221 drawn on K.H.L.'s personal account at Bank of America (account number XXXXXXXX6428) in the amount of $3,000 and deposited the check into **WOODS**'s personal account at TFCU (account number XXXX5829) on or about April 10, 2023, with the intent to deceive Bank of America and TFCU.

All in violation of Title 18, United States Code, Section 513(a).

## COUNT 11
### (Possession of Stolen Mail)

31.     The Federal Grand Jury incorporates paragraph 15 by reference.

32.     On or about September 6, 2023, in the Western District of Oklahoma,

------------------------------- **ANTAJAUN MONZELLE BROWN JR.,**
                        **a/k/a Antajuan Brown,** -----------------------------------------

did unlawfully have in his possession mail matter, including more than 100 personal and

business checks belonging to numerous unknowing victims, that had been stolen, taken,

and abstracted from an authorized depository for mail matter, knowing the said mail matter

to have been stolen, taken, and abstracted.

All in violation of Title 18, United States Code, Section 1708.

## COUNTS 12–18
### (Bank Fraud)

33.     The Federal Grand Jury incorporates paragraphs 1–10 by reference.

### The Scheme to Defraud

34.     The scheme to defraud is alleged in paragraph 14 above, which the Federal

Grand Jury incorporates by reference.

35.     It was part of the scheme to defraud that **NORMENT** committed the acts

alleged in paragraph 15 above, which the Federal Grand Jury incorporates by reference.

### Executions of the Scheme

36.     On or about the dates listed below, in the Western District of Oklahoma,

----------------------------- **AMAURION RAMONE NORMENT,** -----------------------------

with intent to defraud, knowingly executed and attempted to execute a scheme and artifice to defraud TFCU, a financial institution that was insured by the NCUA, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the control of TFCU, by means of materially false pretenses, representations, and promises. In particular, **NORMENT**, while in the Western District of Oklahoma, deposited the following forged checks that had been stolen from the U.S. Mail into **MATTHEWS**'s personal account at TFCU (account number XXXXXX7645) and Conspirator 5's personal account at TFCU (account number XXXXXX2943):

| Count | Date | Credit Union & Account | Check No. | Check Amount |
|-------|------|------------------------|-----------|--------------|
| **12** | January 13, 2023 | TFCU (**MATTHEWS**'s account) | 1069 | $3,000 |
| **13** | January 13, 2023 | TFCU (Conspirator 5's account) | 58177 | $3,000 |
| **14** | January 14, 2023 | TFCU (**MATTHEWS**'s account) | 1045 | $3,000 |
| **15** | January 15, 2023 | TFCU (Conspirator 5's account) | 1053 | $3,000 |
| **16** | January 15, 2023 | TFCU (**MATTHEWS**'s account) | 1046 | $3,000 |
| **17** | January 16, 2023 | TFCU (**MATTHEWS**'s account) | 1076 | $3,000 |
| **18** | January 16, 2023 | TFCU (Conspirator 5's account) | 1060 | $3,000 |

All in violation of Title 18, United States Code, Section 1344.

15

### COUNT 19
### (Forged Security)

37.     The Federal Grand Jury incorporates paragraphs 1–10 by reference.

38.     On or about January 13, 2023, in the Western District of Oklahoma,

-------------------------------- **AMAURION RAMONE NORMENT** -------------------------------

knowingly made, uttered, and possessed a forged security of an organization that operates in interstate commerce—specifically a check drawn on M.F.'s business account at Bank of America, a federally insured financial institution—with the intent to deceive another organization, TFCU, which also operates in interstate commerce.     In particular, **NORMENT** negotiated forged check number 1069 drawn on M.F.'s business account at Bank of America (number XXXXXXXX8316) in the amount of $3,000 and deposited the check into **MATTHEWS**'s personal account at TFCU (account number XXXXXX7645), with the intent to deceive Bank of America and TFCU.

All in violation of Title 18, United States Code, Section 513(a).



ROBERT J. TROESTER
United States Attorney

JACKSON D. ELDRIDGE
Assistant United States Attorney

16

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **USA** | § | **Case Number: SA:25-M -00655(1)** |
| | § | ***Western Distict of Oklahoma*** |
| **vs.** | § | ***CR:25-148*** |
| | § | **Date:April 25, 2025** |
| **(1) Matei Leann Bass** | § | **Time in Court:    2:08 -** 2:23 (15 min) |
| | § | **SWORN**   ☒ |

### PROCEEDING MEMO - INITIAL APPEARANCE

**1.**  ☐ Complaint Filed _____  ☐ Arrest Warrant Issued _____
    ☒ Indictment                                               *(Date)*
    ☐ Information
    ☐ Prob Form 12                   ☒ Agency _____
    ☒ Arrested   **April 25, 2025**
                  *Date*

**2.** **COURT PERSONNEL:**
    Magistrate Judge:   **ELIZABETH S. ("BETSY") CHESTNEY**
    Courtroom Deputy:   Cindy Miranda
    Interpreter:   No

**3.** **APPEARANCES:**   For the United States: **-Excused**
                          For the Defendant: _____
                                Address: _____
                Phone: _____
                     Retained ☐     FPD ☐     CJA ☐

**4.**   **PROCEEDINGS:**
  a.  ☒ Defendant found competent.
  b.  ☒ Defendant informed of and received copy of charging document.

  c.  ☒ Defendant informed of maximum penalty: _____

  d.  ☒ Defendant informed of constitutional rights.
  e.  ☒ Defendant informed of right to Identity Hearing set for
      **May 07, 2025 @ 09:30 AM**
  OR    Hearing to be set and held in charging district/division.
      ☐ No right to Preliminary Examination. Arraignment set for:

**4. PROCEEDINGS: (Continued)**

f. [X] Defendant informed of right to legal counsel.

    \_\_\_\_\_ 1) Defendant waives counsel, **OR**

    \_\_\_\_\_ 2) Defendant will try to secure counsel and provide _____

         name, address of counsel retained, **OR**

    **X** 3) Defendant requests appointment of counsel.

         Defendant has completed financial affidavit.

        **X** a) Court finds Defendant is financially eligible and orders counsel appointed.

        **OR**    **Court appoints: FPD**

        \_\_\_\_\_ b) Court finds Defendant is financially ineligible and denies request.

         Defendant to advise Court by _____ as to name, address of counsel retained.

g. [ ] **PRETRIAL RELEASE:**

    [ ] 1) Government moved for detention under §3142(f).

         Detention Hearing set for: _____

    [ ] 2) Court SUA SPONTE "moves" for detention.

         Detention Hearing set for: _____

    [ ] 3) Temporary detention ordered.

         Bond Hearing set for: _____

    [X] 4) Court orders Defendant be released on the following conditions:

        \_\_\_\_\_ a) Personal recognizance.

        **X** b) Defendant's bond set at  20,000 _____

           **X** which is unsecured.

           \_\_\_\_\_ which requires \_\_\_\_\_ % deposit.

           \_\_\_\_\_ which requires 100% cash/corporate/surety.

        \_\_\_\_\_ c) Additional conditions of release as set forth in Order Setting Conditions of

            Release.

    [ ] 5) Detention

h. [ ] Temporary commitment issued

i. [ ] Preliminary Examination continued/reset to

j. [ ] Preliminary Examination held

k. [ ] Probable Cause found

    **OR**

    [ ] No Probable Cause found

l. [ ] Defendant held to District Court

m. [ ] Defendant waived right to an Identity hearing.

n. [ ] Defendant is directed to report to charging district for further proceedings.

o. [ ] USMS is directed to immediately transport defendant to charging district for all further proceedings.

**5. a.** [X] OTHER PROCEEDINGS   Financial Affidavit completed on the record. Defendant not able to sign because she appeared via zoom.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| USA | § | |
| | § | |
| vs. | § | Case No.: SA:25-M -00655(1) |
| | § | |
| (1) Matei Leann Bass | § | |
| *Defendant* | | |

# ORDER APPOINTING COUNSEL

The above-named defendant having satisfied this court after appropriate inquiry that he/she (1) does not wish to waive representation by counsel, and (2) is financially unable to obtain counsel, the Federal Public Defender is hereby APPOINTED to represent the defendant in the above-styled and numbered cause.

Should this case proceed before a United States District Judge, the appointment shall, nevertheless, remain in effect until terminated or a substitute attorney is appointed or retained.

SIGNED on April 25, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | No.: SA:25-M -00655(1) |
| | § | |
| (1) MATEI LEANN BASS | § | |
| *Defendant* | § | |

## ORDER SETTING IDENTITY HEARING

**IT IS HEREBY ORDERED** that the above entitled and numbered case is set for

**09:30 AM, in Courtroom A, on the 2nd Floor of the United States Federal Courthouse, 262**

**W. Nueva Street, San Antonio, TX** on **Wednesday, May 07, 2025.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this order

to Defendant, counsel for Defendant, the United States Attorney, U.S. Pretrial Services, and the

United States Probation Office.  Further, counsel for Defendant shall notify the defendant of this

setting.  If the defendant is on bond, Defendant shall be present for the hearing.

**IT IS SO ORDERED** this **25th** day of **April, 2025.**

_____
**ELIZABETH S. ("BETSY") CHESTNEY**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **WAIVER OF RULE 5 HEARINGS** |
| | § | **(Excluding Probation Cases)** |
| **vs.** | § | |
| | § | **Case Number: SA:25-M -00655(1)** |
| **(1) MATEI LEANN BASS** | § | |
| | § | *Ref: 25-MJ-655* |

I **(1) MATEI LEANN BASS**, understand that in the charges are pending alleging violation of **_-_ Indictment** and that I have been arrested in this district and taken before a United States Magistrate, who informed me of the charge and of my right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the proceedings to this district pursuant to Rule 20, Fed. R. Crim.P., (note: Rule 20 is NOT applicable to Revocation of (a)Terms of Supervised Release, (b)Probation, (c)Parole, or (d)Bond proceedings) in order to to plead guilty, (3) an identity hearing to determine if I am the person named in the charge, and (4) a preliminary examination (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

( ) Identity Hearing

( ) Preliminary Examination

( ) Identity Hearing and I have been informed I have no right to a Preliminary Examination

( ) Identity Hearing but request a Preliminary Examination be held in the prosecuting district

and therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

_____
*Date*

_____
*Defendant*

_____
*Defense Counsel*

22

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **WAIVER OF RULE 5 HEARINGS** |
| | § | **(Excluding Probation Cases)** |
| vs. | § | |
| | § | **Case Number: SA:25-M -00655(1)** |
| (1) MATEI LEANN BASS | § | |
| | § | *Ref: 25-MJ-655* |

I **(1) MATEI LEANN BASS**, understand that in the  charges are pending alleging violation of **_--_ Indictment** and that I have been arrested in this district and taken before a United States Magistrate, who informed me of the charge and of my right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the proceedings to this district pursuant to Rule 20, Fed. R. Crim.P., (note: Rule 20 is NOT applicable to Revocation of (a)Terms of Supervised Release, (b)Probation, (c)Parole, or (d)Bond proceedings) in order to to plead guilty, (3) an identity hearing to determine if I am the person named in the charge, and (4) a preliminary examination (unless an  indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed  by me, the hearing to be held either in this district or the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

( ✓ ) Identity Hearing

( ) Preliminary Examination

( ) Identity Hearing and I have been informed I have no right to a Preliminary Examination

( ) Identity Hearing but request a Preliminary Examination be held in the prosecuting district

and therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

_04/29/25_
**Date**

X _Matei Bass_
**Defendant**

**Defense Counsel**

AO 199A (Rev. 06/19)  Order Setting Conditions of Release

---

<table>
<tr><td rowspan="5" align="center">

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

</td></tr>
</table>

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

**FILED**

April 25, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ ac
DEPUTY

**United States of America**       §
                                   §
**vs.**                            §    **NO:  SA:25-MJ-655**
                                   §
**(1) Matei Leann Bass**           §

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:   Courtroom D _____
                                                          *Place*

on the 2nd Floor of the United States Federal Courthouse, 262 W. Nueva Street, San Antonio, TX
                                        *Place*

on  _____          04/25/2025 at 9:00 AM _____
                                      *Date and Time*

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered. $20,000 Unsecured.

# ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(   )   (6)   The defendant is placed in the custody of:

            Person or organization

            Address *(only if above is an organization)*

            City and state                            Tel. No.

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

                                     Signed:

                                               *Custodian*                    *Date*

( X )   (7)   The defendant must:

     ( X ) (a)   submit to supervision by and report for supervision to the   PRETRIAL SERVICES, AS DIRECTED *(in Western District of Texas)*

                telephone number                    , no later than   → *Contact Pretrial Services day released from hospital.*

     ( X ) (b)   continue or actively seek employment. *OR*

     ( X ) (c)   continue or start an education program.

     (   ) (d)   surrender any passport to:

     (   ) (e)   not obtain a passport or other international travel document.

     ( X ) (f)   abide by the following restrictions on personal association, residence, or travel:   Reside at an address approved by Pretrial Sevices. Travel is restricted to Continental U.S.

     ( X ) (g)   avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:   co-defendants

     ( X ) (h)   get medical or psychiatric treatment as directed by the Pretrial Service Office & pay as directed:

     (   ) (i)   return to custody each           at          o'clock after being released at          o'clock for employment, schooling, or the following purposes:

     (   ) (j)   maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

     (   ) (k)   not possess a firearm, destructive device, or other weapon.

     ( X ) (l)   not use alcohol (   X   ) at all (     ) excessively.

     ( X ) (m)   not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

     ( X ) (n)   submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

     ( X ) (o)   participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer, as directed.

     (   ) (p)   participate in one of the following location restriction programs and comply with its requirements as directed.

         (   ) (i)   **Curfew.** You are restricted to your residence every day (     ) from          to          , or (     ) as directed by the pretrial services office or supervising officer; or

         (   ) (ii)   **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

         (   ) (iii)   **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

         (   ) (iv)   **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. Howerver, you must comply with the location or travel restrictions as imposed by the court.

               Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

     (   ) (q)   submit to the following location monitoring technology and comply with its requirements as directed:

         (   ) (i)   Location monitoring technology as directed by the pretrial services officer; or

         (   ) (ii)   Voice Recognition; or

         (   ) (iii)   Radio Frequency; or

         (   ) (iv)   GPS.

     (   ) (r)   pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

     ( X ) (s)   report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

     ( X ) (t)   pay all or part of the cost of substance abuse treatment based upon your ability to pay as determined by the pretrial services or spervising officer.

     ( X ) (u)   Do not open any new lines of credit or bank accounts without permission from the Court.

     ( X ) (v)   If your employment involves handling contracts, financial decisions andor financial transactions, you must notify your employer of the instant offense to include the pending charges and provide written verification of this notification.

25

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Seguin, Texas
*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:   04/25/2025

_____
*Judicial Officer's Signature*

ELIZABETH S. ("BETSY") CHESTNEY, UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

26

AO 98 (Rev. 12/11) Appearance Bond

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**FILED**

April 25, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ ac

DEPUTY

United States of America

vs.

**(1) Matei Leann Bass**
*Defendant*

§
§
§
§
§

Case Number: **SA:25-MJ-655**

## APPEARANCE BOND

### Defendant's Agreement

I ___Matei Leann Bass___ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

[X]   to appear for court proceedings;
[X]   if convicted, to surrender to serve a sentence that the court may impose; or;
[X]   to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

[ ]   (1)   This is a personal recognizance bond.

[X]   (2)   This is an unsecured bond of $ 20,000_____ .

[ ]   (3)   This is a secured bond of $ _____ , secured by:

    [ ]   (a)   $ _____ , in cash deposited with the court.

    [ ]   (b)   the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it - such as a lien, mortgage, or loan - and attach proof of ownership and value):*

_____
_____
_____

If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    [ ]   (c)   a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety):*

_____
_____
_____

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: April 25, 2025

X _____

*Defendant's signature*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

_____
*Surety/property owner – printed name*

_____
*Surety/property owner – signature and date*

*CLERK OF COURT*

Date: April 25, 2025

_____
*Signature of Clerk or Deputy Clerk*

Approved.

Date: April 25, 2025

_____
*Judge's signature*

**FILED**

April 30, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ AC _____

DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| USA | § | |
| *Plaintiff* | § | Case No: SA:25-M -00655(1) |
| **vs.** | § | |
| | § | *Ref: CR-25-148* |
| (1) Matei Leann Bass | § | |
| *Defendant* | § | |

### ORDER OF REMOVAL

TO THE UNITED STATES MARSHAL FOR THE WESTERN DISTRICT OF TEXAS:

   __(1) Matei Leann Bass_____, charged in a proceeding pending in the

_____**Western District of Oklahoma**_____

for _____

**Indictment**_____

and having been arrested in the Western District of Texas, San Antonio Division;

   YOU ARE HEREBY COMMANDED to remove  __(1) Matei Leann Bass_____ forthwith

to the  __Western District of Oklahoma_____, and there deliver
him/her to the United States Marshal for that district or to some other officer authorized to
receive him/her.

   ORDERED at SAN ANTONIO, Texas on **April 30, 2025**.

_____

**ELIZABETH S. CHESTNEY**
**UNITED STATES MAGISTRATE JUDGE**